## STATE *v.* SAMPSON

No. 2731

June 5, 1926.                    246 P. 530.

1. CRIMINAL LAW—IN PROSECUTION FOR ASSAULT WITH INTENT TO KILL, WHERE COURT INSTRUCTED JURY THEY MIGHT ALSO FIND ACCUSED GUILTY OF ASSAULT WITH DEADLY WEAPON, VERDICT OF GUILTY AS CHARGED IS SUFFICIENT FINDING OF GUILT OF ASSAULT TO KILL.

In prosecution for assault with intent to kill, under Rev. Laws, sec. 6413, where court instructed jury they might also find accused guilty of assault with deadly weapon with intent to inflict bodily injury, verdict of guilty as charged is sufficient finding that accused was guilty of assault with intent to kill; sections 6290, 7218, providing jury shall specify degree of crime of which accused is guilty being unavailable.

See 16 C. J. sec. 2600, p. 1110, n. 67.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

William T. Sampson was convicted of assault with intent to kill, and he appeals. **Affirmed.**

*Roberts & Scanlan* and *S. J. Parks,* for Appellant:

Jury shall specify degree of attempt of which accused is guilty. Rev. Laws, 6290.

Whenever crime is distinguished into degrees, jury, if they convict, must find degree of which accused is guilty. Rev. Laws, 7218.

Verdict must designate precise crime of which accused is convicted. 27 R. C. L. 862; People v. Campbell, 40 Cal. 138.

Verdict of guilty under indictment for murder not expressly finding degree, though fixing punishment, is fatally defective. Zaner v. State, 8 South. 698.

Verdict must within itself be sufficient to designate crime. Sanders v. State, 162 P. 676.

State v. Robb, 2 S. W. 1, and State v. Burke, 2 S. W. 10, Missouri cases, do not apply because that state has statute which provides verdict shall state degree when verdict is for inferior degree than charged.

In State v. Treadwell, 54 Kan. 513, verdict was guilty of burglary and larceny. Supreme court sustained as to larceny, but reversed as to burglary because jury did not specify degree of latter.

Accused is entitled to have verdict specify particular offense of which he is convicted.  Ex Parte Booth, 39 Nev. 197.

*M. A. Diskin,* Attorney-General; *Wm. J. Forman,* Deputy Attorney-General; *L. D. Summerfield,* District Attorney; and *H. L. Heward,* Deputy District Attorney, for Respondent:

Appellant confuses "degrees of a crime" and "included offenses."

Verdict upon plea of not guilty shall be either guilty or not guilty, which imports conviction or acquittal of offense charged.  Rev. Laws, 7216.

Statutes which require jury to fix degree apply only to crimes divided into degrees, not to included offenses. Where such degrees do not exist, verdict of guilty as charged is proper.  Ex Parte Booth, 39 Nev. 183; 16 C. J. 1110.

Appellant's authorities deal with verdicts held invalid for not designating degree where crimes were divided into degrees by statute.

## OPINION

By the Court, SANDERS, J.:

Appellant was charged by an information with the crime of an assault with intent to kill Thomas Ryan under section 6413, Revised Laws, which provides that:

"An assault with intent to kill, * * * shall subject the offender to imprisonment in the state prison for a term not less than one year, nor more than fourteen years; provided, * * * an assault with a deadly weapon, instrument or other thing, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to imprisonment in the state prison not less than one year or exceeding two years, or to a fine not less than one thousand, nor exceeding five thousand dollars, or to both such fine and imprisonment."

The jury were instructed as follows:

"The court instructs the jury that if you find from the evidence beyond a reasonable doubt that the defendant did, at the time and place and in the manner described in the information, assault the said Thomas Ryan, with the intent to kill the said Thomas Ryan, you should find the defendant guilty, as charged."

"The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defendant did assault the said Thomas Ryan with a deadly weapon, but further find that he had no intent to kill, nevertheless, you are privileged to convict the defendant of the crime of assault with a deadly weapon with intent to inflict upon the person of another a bodily injury. *   *   * "

The jury returned this verdict:

"We, the jury in the above-entitled action, do find the defendant, William T. Sampson, guilty as charged."

The defendant moved in arrest of judgment, and also moved for a new trial. Both motions were denied. Judgment was pronounced against him, and he was sentenced to state prison for a period of not less than one year nor more than 14 years.

The main point made on appeal is that the motion in arrest of judgment should have been sustained because the verdict did not specify the degree of the crime of which the defendant was convicted. In support of this contention we are cited to the provisions contained in section 6290 and section 7218, Revised Laws. Section 6290 provides:

"Upon the trial of an indictment, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime. Whenever the jury shall find a verdict of guilty against a person so charged, they shall in their verdict specify the degree or attempt of which the accused is guilty."

Section 7218 provides:

"Whenever a crime is distinguished into degrees, the

jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

We are of opinion that these provisions of the law can apply only to those cases where the offense is divided into degrees, as in murder, etc. But they do not apply to those cases where the statute (section 6413, Rev. Laws) defines distinct offenses and does not declare them degrees of the same offense. Where there are no degrees of the crime charged, a verdict of guilty as charged is sufficient, although the crime charged also may include other crimes of which the jury may have found defendant guilty. 16 Corpus Juris, 1110. Besides this, under the information and the instructions, it is perfectly clear that the defendant was found guilty of the crime of assault with intent to kill.

The judgment is affirmed.